IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATREC, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 2:21-cv-00106-JRG-RSP |
| | ) |
| MEDITAB SOFTWARE, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT MEDITAB SOFTWARE, INC.'S RESPONSE TO
PLAINTIFF'S AMENDED STIPULATION OF DISMISSAL WITH PREJUDICE**

In order to ensure that the record before the Court is accurate, Defendant Meditab Software, Inc. ("Meditab") respectfully submits this response to Plaintiff DatRec, LLC's ("DatRec") "Amended Stipulation of Dismissal" with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i). Meditab takes no issue with DatRec's voluntary dismissal of its Complaint with prejudice, except that it should have been filed before Meditab was forced to expend significant resources to file a motion to dismiss. Meditab should be awarded its attorneys' fees for successfully defending itself against DatRec's meritless allegations. Meditab has, in fact, moved for an award of attorneys' fees because DatRec's Complaint is either frivolous under Fed. R. Civ. P. 11 or objectively unreasonable under 35 U.S.C. § 285. ECF No. 8 at 28-29 (expressly moving for attorneys' fees based upon the merits as briefed in the entirety of Meditab's filing).

DatRec conceded the objectively unreasonable nature of its suit by voluntarily dismissing its case *with prejudice* (ECF No. 10) the morning after Meditab's motion (ECF No. 8). In response to Meditab's filing (ECF No. 11), DatRec has sought to correct its voluntary dismissal to properly reflect that the dismissal is unilateral under Fed. R. Civ. P. 41(a)(1)(A)(i) (ECF No. 12)—*not* a stipulation by both parties. DatRec's amended stipulation, however, includes several improper

statements and incorrectly argues that Meditab is purportedly not entitled to an award of attorneys' fees. *Id.* at 1-2. Meditab respectfully submits the following responses to ensure that the record before the Court is accurate.

First, DatRec states that "in correspondence, Meditab requested DatRec to dismiss its claims which it has done." ECF No. 12 at 1. There are several issues with this statement. The correspondence DatRec refers to was on April 20 via teleconference, and April 26 via email. Not only were both communications covered pursuant to the parties' agreement under Fed. R. Evid. 408, which DatRec has now improperly placed in the public record, but they also preceded Meditab's motion to dismiss and DatRec's voluntary dismissal *by over three weeks*.

Most importantly, DatRec omits that Meditab specifically stated during the parties' discussions that "[i]f DatRec is not willing to promptly withdraw its complaint with prejudice, Meditab will plan to file its contemplated motion by the response deadline and *will seek its attorneys' fees*." Ex. A (emphasis added). DatRec was on notice that its "allegations are without merit, including because the pleadings are woefully deficient and the asserted patent is clearly invalid under prevailing authority … *as we discussed on our call*." *Id.* (emphasis added). DatRec did not agree to withdraw its complaint at the time, forcing Meditab to file an extensive motion to dismiss and move for its attorneys' fees—only for DatRec to voluntarily dismiss its Complaint with prejudice the next day when faced with the very motion that Meditab said it will file in the first place. DatRec cannot force Meditab to defend against a meritless case and then escape its consequences.

Second, DatRec incorrectly argues that it can escape an award of attorneys' fees because Meditab "filed a motion to dismiss under Rule 12(b)." ECF No. 12 at 1 ("As Meditab failed to answer, its purported Motions under Rule 11 and Section 285, are not proper."). DatRec provides

2

no supporting authority for this contention. Nor could it. Meditab is the prevailing party. DatRec's voluntary dismissal with prejudice indeed operates as an adjudication on the merits.[1]

As provided in Meditab's response, district courts have held that defendants are prevailing parties and entitled to attorneys' fees under similarly compelling circumstances. *See*, *e.g.*, *Realtime Adaptive Streaming LLC v. Netflix, Inc.*, No. CV 19-6359-GW-JCX, 2020 WL 7889048, at \*2-\*5 (C.D. Cal. Nov. 23, 2020) (holding that defendant was a prevailing party under Supreme Court and Federal Circuit case law, after plaintiff filed a voluntary dismissal that operated as a dismissal with prejudice). Where—as here—the voluntary dismissal is with prejudice, it operates as an adjudication of the merits. *Id.* Under Supreme Court case law, the voluntary and unilateral dismissal with prejudice changes the parties' legal relationship on the merits and carries sufficient judicial *imprimatur*. *Id.* (citing *Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health & Human Resources*, 532 U.S. 598 (2001)).

Separately, the Court has inherent authority and jurisdiction to award fees under "Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). "As the Rule 11 violation is complete when the paper is filed, a voluntary dismissal does not expunge the violation." *Id.*; *see also Sladcik v. MK Marlow Co.*, LLC, No. SA-11-CA-529-FB, 2012 WL 13029593, at \*4 (W.D. Tex. Mar. 7, 2012), report and recommendation adopted, 2012 WL 13034068 (W.D. Tex. Mar. 29, 2012) ("[A] district court may impose sanctions after a party or parties voluntarily dismiss their claims, since 'Rule 11 is designed to punish a party who has already violated the court's rules.'").

---

[1] Notably, DatRec's amended stipulation now omits that its original stipulation conceded that this is an adjudication of the merits by expressly filing it pursuant to Fed. R. Civ. P. 41(a)(1)(**B**) (ECF No. 10 at 1)—which provides that such "a notice of dismissal [with prejudice] operates as an adjudication on the merits." DatRec's amended stipulation does not seek to "correct" that reference because it is accurate.

Meditab respectfully submits that its motion for an award of attorneys' fees remains pending before the Court.  As a matter of equity, it is manifestly unfair for DatRec to force Meditab to file a costly motion to dismiss only then to turn around the next morning after that filing with a voluntary dismissal—which was a clear attempt to escape the consequences of having brought a frivolous lawsuit with a purported "stipulation" as to attorneys' fees being borne by the respective parties.

Respectfully submitted,

Dated:  May 19, 2021

*/s/ Brian Paul Gearing*

Brian Paul Gearing (*pro hac vice*)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022-2524
Tel: (212) 223-4000
Fax: (212) 223-4134
bgearing@crowell.com

Ali H.K. Tehrani (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004-2595
Tel: (202) 654-2500
Fax: (202) 628-5116
atehrani@crowell.com

Michael E. Jones
SBN:  10929400
POTTER MINTON, PC
110 North College, Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

*Attorneys for Defendant Meditab Software, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I served the foregoing document upon the attorneys of record for all parties by electronically filing the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to registered attorneys of record.

Dated:  May 19, 2021                                      */s/ Brian Paul Gearing*
                                                                              Brian Paul Gearing